## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

IMADELDEEN HAMED,            )
        **Plaintiff,**          )
                          )
       **v.**                )         **Civil Action No. 19-cv-238**
                          )
**ANDREW SAUL,**           )
**Commissioner of Social Security,**   )
        **Defendant.**       )

## <u>ORDER</u>

This matter is before the Court on plaintiff's request for judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner's final decision found that Plaintiff Imadeldeen Hamed was no longer disabled[1] as of December 18, 2014, and therefore was no longer entitled to disability insurance benefits ("DIB") and supplemental social security income ("SSI").[2] The Commissioner's final decision was based on a finding by the Administrative Law Judge ("ALJ") and Appeals Council for the Office of Disability Adjudication and Review ("Appeals Council").

This matter was referred to the magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment. On October 18, 2019, the magistrate judge issued an R&R recommending affirmance of the Commissioner's final decision, thus denying plaintiff's motion for summary judgment and granting the Commissioner's motion for summary judgment. More specifically, the R&R

---

[1] In this context, the term "disabled" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

[2] Plaintiff had been receiving DIB and SSI benefits pursuant to a Social Security Administration decision on March 28, 2009 that found plaintiff disabled and awarded benefits effective December 26, 2007.

recommends three findings: (i) that the ALJ's residual functional capacity ("RFC")[3] determination is supported by substantial evidence, (ii) that the ALJ properly explained the weight accorded to plaintiff's treating physicians, and (iii) that Commissioner's final decision denying plaintiff DIB and SSI benefits for the period December 18, 2014 through the date of the Commissioner's decision is supported by substantial evidence and should be affirmed.

On November 1, 2019, plaintiff filed objections to the R&R. *See* Dkt. 31. Plaintiff objected to two aspects of the magistrate judge's R&R, namely (i) the R&R's rejection of plaintiff's argument that the Administrative Record was incomplete because it did not include a December 7, 2018 letter from plaintiff's counsel to the Appeals Council, and (ii) the R&R's finding that substantial evidence supported the ALJ's determination that plaintiff's RFC allowed plaintiff to perform work that exists in the national economy. Pursuant to 28 U.S.C. § 636(b)(1), a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. 28 U.S.C. § 636(b)(1).

For the reasons that follow, the magistrate judge's R&R is adopted, plaintiff's objections are overruled, and the administrative decision is affirmed.

## I.

The magistrate judge's R&R fully and correctly sets forth the lengthy factual and procedural history of this case. *See* Dkt. 30 at 2-14. Accordingly, the Court adopts as its own the procedural and factual background set forth in the R&R. In short, the Social Security Administration (the "SSA") found plaintiff disabled, as that term is defined in the statute, and

---

[3] Residual functional capacity is "the most [plaintiff] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a).

awarded plaintiff benefits effective December 26, 2007 as a result of plaintiff's cancer diagnosis.[4] Then, on December 18, 2014, the SSA determined plaintiff was no longer disabled as defined by statute and terminated plaintiff's benefits because the SSA determined plaintiff's condition had medically improved such that plaintiff could perform some work that exists in the national economy. This litigation arises out of plaintiff's requests for reconsideration of the SSA decision terminating plaintiff's benefits.

## II.

Within fourteen days after being served with a copy of a magistrate judge's R&R, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). If such objections are filed, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Here, plaintiff timely filed two objections to the magistrate judge's R&R.

The objection requirement is designed to allow the district court to "focus on specific issues, not the [magistrate judge's] report as a whole." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Such a focus furthers the purpose of magistrate review, namely conserving judicial resources. *Id.* Therefore, objections must be specific and particularized in order to direct the attention of the district court to "only those issues that remain in dispute after the magistrate judge has made findings and recommendations." *Id.* Thus, the Fourth Circuit has made clear that "[a] general objection to the entirety of the magistrate judge's report is tantamount to a failure to

---

[4] More specifically, plaintiff was hospitalized and diagnosed with a nasopharyngeal carcinoma with bone metastasis while visiting Saudi Arabia. Although this diagnosis from Saudi Arabia was the basis for plaintiff's disability determination by the SSA, doctors at the University of Virginia's Neuro-Oncology Clinic determined sometime in late-2008 or early-2009 that the nasopharyngeal carcinoma diagnosis was incorrect. At that time, plaintiff was re-diagnosed with prolactinoma, and plaintiff's condition began to improve once treated under the new diagnosis.

object." *Tyler v. Wates*, 84 Fed. Appx. 289, 290 (4th Cir. 2003).

Accordingly, *de novo* review of the magistrate judge's R&R is confined to the two objections raised by plaintiff in his motion, namely (i) the R&R's rejection of plaintiff's argument that the Administrative Record was incomplete because it did not include plaintiff's counsel's December 7, 2018 letter, and (ii) the R&R's finding that substantial evidence supported the ALJ's determination that plaintiff's RFC allowed plaintiff to perform work that exists in the national economy.

## III.

First, plaintiff objects to the R&R's finding that the Administrative Record was complete. Plaintiff argues that because the Administrative Record did not include a December 7, 2018 letter from plaintiff's counsel to the Appeals Council, the record was incomplete. Here, plaintiff's objection clearly fails.

As an initial matter, plaintiff raised this issue for the first time in plaintiff's reply brief to defendant's cross motion for summary judgment. *See* Dkt. 28. The Fourth Circuit has made clear that ordinarily it is improper to consider arguments raised for the first time in a reply brief "because it would be unfair to the appellee and would risk an improvident or ill-advised opinion on the legal issues raised." *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995); *see also United States v. Vogt*, 910 F.2d 1184, 1198 (4th Cir. 1990) (noting, but not invoking, procedural waiver of issue raised for first time in defendant's reply brief). Thus, plaintiff procedurally waived his objection to the completeness of the Administrative Record.

Moreover, the magistrate judge's R&R sufficiently addressed the December 7, 2018 letter. *See* Dkt. 30 at 4 fn. 4. Although the R&R mistakenly refers to the date of the Appeals Council notice as October 12, 2018 rather than the correct date of October 29, 2018, this

4

typographical error is immaterial. The October 29, 2018 Appeals Council letter notified

plaintiff's counsel that it was granting his request for more time before any action would be

taken in plaintiff's case and stated that any additional information must be sent to the Appeals

Council within 25 days. *See* Administrative Record ("AR") at 12-13. Twenty-five days from

October 29, 2018 is November 23, 2018. The letter that plaintiff argues should be made a part of

the Administrative Record is dated December 7, 2018. Thus, plaintiff's December 7, 2018 letter

was clearly untimely, and therefore not a part of the Administrative Record.[5]

Most importantly, review of the December 7, 2018 letter reveals that it does not submit

any new evidence regarding plaintiff's case, but merely contains many of the same legal

arguments made by plaintiff in his motion for summary judgment. The December 7, 2018 letter

argues that the ALJ's decision was not supported by substantial evidence, that the ALJ erred in

giving little weight to the opinions of Dr. Benjamin Purow and Dr. Nathan Wilbanks, and that

the ALJ's RFC determination was not supported by substantial evidence because the

hypothetical questions posed to the vocational expert were improper. The magistrate judge's

R&R addresses each of these arguments at length. *See* Dkt. 30 at 15-22 (addressing and rejecting

plaintiff's argument that the ALJ's finding that plaintiff's disability had ended was not supported

by substantial evidence); *id.* at 20-22 (addressing and rejecting plaintiff's argument that the

ALJ's hypothetical posed to the vocational expert did not approximate all of plaintiff's medical

conditions); *id.* at 22-29 (addressing and rejecting plaintiff's argument that the ALJ erred in the

---

[5] Plaintiff has attached to his objections to the magistrate judge's R&R an additional letter that was apparently sent to the Appeals Council from plaintiff's counsel. *See* Dkt. 31 at 4. This letter, dated November 19, 2018, requested an extension of the deadline to submit additional information regarding plaintiff's appeal until December 10, 2018 because plaintiff's counsel intended to take vacation during the week of Thanksgiving and had other cases to prepare. There is no evidence in the record that the Appeals Council ever granted this request for an extension, or even received this letter from plaintiff's counsel. Thus, this additional letter, submitted for the first time with plaintiff's objections to the R&R, does not change any of the above analysis.

weight assigned to the opinions of Dr. Purow and Dr. Wilbanks).

Thus, even assuming *arguendo* that not including the December 7, 2018 letter in the Administrative Record of the case constituted error, which it did not, such an error is harmless here. The magistrate judge's R&R addresses the arguments raised in the December 7, 2018 letter at length because those same arguments were reiterated in plaintiff's motion for summary judgment. Accordingly, plaintiff's objection regarding the December 7, 2018 letter is overruled.

## IV.

Second, plaintiff objects to the R&R's finding that substantial evidence supported the ALJ's determination that plaintiff's RFC allowed plaintiff to perform work that exists in the national economy. Because substantial evidence supports the ALJ's determination that plaintiff's RFC allows plaintiff to perform some work that exists in the national economy, plaintiff's objection must be overruled.

When examining a Social Security Administration disability determination, "a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) (citing 42 U.S.C. § 405(g)). The Supreme Court has made clear that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In other words, substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *see also Dickinson v. Zurko*, 527 U.S. 150, 153 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard). Accordingly, the ALJ's decision must be sustained if supported by substantial evidence

in the record.

Plaintiff alleges that the ALJ failed to consider the combined effects of his impairments[6] in reaching the conclusion that plaintiff had the RFC to perform light work at several jobs that exist in the national economy.[7] To the contrary, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." AR at 25. Specifically, the ALJ found that plaintiff had a "remarkable response" to treatment since his re-diagnosis with prolactinoma, that a November 2016 MRI found that plaintiff's "condition was stable with no signs of tumor regrowth," and that plaintiff had indicated that certain medications had helped alleviate his symptoms relating to neuropathy. *Id.* at 25-26. Moreover, the ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the objective medical and other evidence." *Id.* at 25. In essence, the ALJ found that the objective medical evidence supported a finding that plaintiff had the RFC to perform light work and determined that the objective medical evidence outweighed any of plaintiff's subjective statements to the contrary.

Importantly, in determining whether an ALJ's decision is supported by substantial evidence, the reviewing court does not "undertake to re-weigh conflicting evidence, make

---

[6] The ALJ determined that plaintiff's impairments from December 18, 2014 to the present consisted of: prolactinoma/pituitary tumor, chemotherapy-induced neuropathy, submacular hemorrhage in the left eye, sensorineural hearing loss, and obesity.

[7] If an individual has several impairments, the ALJ must consider their cumulative effect in making a disability determination. 20 C.F.R. §§ 404.1545(e); 416.945(e); *see also Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989) ("This court has held that in determining whether an individual's impairments are of sufficient severity to prohibit basic work-related activities, an ALJ must consider the combined effect of a claimant's impairments."). Upon finding that a plaintiff cannot perform past relevant work, it is the Commissioner's burden to show that there is other work existing in significant numbers in the national economy that plaintiff could perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.945(a)(5)(ii). Here, the ALJ made the determination that plaintiff cannot perform past relevant work but can perform other work existing in significant numbers in the national economy. *See* AR 27-29.

credibility determinations, or substitute [its] judgment" for that of the ALJ. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). Here, the objective medical evidence and other evidence in the record relied on by the ALJ constitute substantial evidence such that the ALJ's determination that plaintiff has the RFC to perform light work must be sustained. More specifically, the over 300 pages of medical records in the Administrative Record, including notes from plaintiff's doctors that plaintiff's condition was stable with respect to his prolactinoma and that certain medications had improved plaintiff's condition with respect to neuropathy, provided the evidence necessary to support the ALJ's conclusion.

Finally, plaintiff alleges that the ALJ's questions to the vocational expert did not include all of plaintiff's limitations, and therefore did not provide substantial evidence that plaintiff could perform work that exists in the national economy. For a vocational expert's opinion to be helpful in assisting an ALJ, "it must be based upon consideration of all other evidence in the record...and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citations omitted). Here, the ALJ questioned plaintiff extensively about his limitations, including numbness, pain, balance, eyesight, ability to carry and hold items, and need to stand and sit intermittently. *See* AR at 544-47, 552-54. Moreover, plaintiff's counsel also questioned plaintiff extensively about his limitations, focusing on plaintiff's numbness, vision, and hearing issues. *See id.* at 547-52. The vocational expert testified after listening to all of this testimony and reviewing plaintiff's work history. *See id.* at 555. The ALJ's hypothetical to the vocational expert fairly sets out plaintiff's limitations,[8] and the

---

[8] Specifically, the ALJ's hypothetical set out an "individual of the [plaintiff's] age and education and with the past job that you described [of a computer and electronic repairer mechanic] and assume further the individual is limited to light work, light as defined in the regulations, so occasionally lifting 20 pounds, frequently ten, occasionally carrying up to 20 pounds, frequently ten, sit, stand and walk up to six hours each, push and pull as much as can lift, carry with the following limitations, bilateral occasional foot controls, frequent bilateral hand, finger, feel, occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds, occasionally balance, stoop, kneel,

vocational expert identified three occupations available in the national economy that plaintiff could perform—namely, a router, a non-postal mail clerk, and a stock checker. *See id.* at 29, 555-57. Because the ALJ's hypothetical to the vocational expert fairly sets out plaintiff's limitations, substantial evidence supported the ALJ's determination that plaintiff can perform work that exists in the national economy, and thus that plaintiff no longer is disabled as that term is defined in the statute.

Accordingly,

It is hereby **ORDERED** that the Court **ADOPTS**, as its own, the findings of fact and recommendations of the United States Magistrate Judge, as set forth in the October 18, 2019 Report and Recommendation (Dkt. 30).

It is further **ORDERED** that the objections filed by plaintiff (Dkt. 31) are **OVERRULED**.

It is further **ORDERED** that plaintiff's motion for summary judgment (Dkt. 22) is **DENIED** and that defendant's motion for summary judgment (Dkt. 24) is **GRANTED**.

The Clerk of the Court is directed to enter Rule 58 judgment in favor of the defendant.

The Clerk of the Court is further directed to provide a copy of this Order to all counsel of record and to place this matter among the ended causes.

Alexandria, Virginia
January 13, 2020

/s/

**T. S. Ellis, III**
**United States District Judge**

---

crouch, crawl, never work at unprotected heights or with moving mechanical parts or with dangerous machinery or other similar workplace hazards, occasional exposure to dust, odor, fumes and pulmonary irritants, never exposure to extreme cold or extreme heat, no assembly line work due to left peripheral vision issue...communication in English is not required...[and] nothing that requires binocular vision, such as depth perception and nothing that requires use of a telephone." AR at 555-57.